**Jolene ROSSIGNOL**

v.

**COMMISSIONER OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued May 9, 1985.

Decided July 11, 1985.

Lipman & Parks, Roger J. Katz (orally), Augusta, for plaintiff.

Katherine Greason, Leigh Ingalls Saufley (orally), Asst. Atty. Gen., Dept. of Human Services, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, Jolene Rossignol, appeals from a judgment entered in the Superior Court (Kennebec County) granting the Defendant's motion for summary judgment and denying her own motion for summary judgment. The Plaintiff had asked the court, pursuant to 1 M.R.S.A. § 409 (1979), to order the Defendant, Commissioner of Human Services, to disclose to her a 1945 record containing the identity of the Plaintiff's putative father. We find no error and deny the appeal.

After the Plaintiff's birth on December 10, 1945, her natural mother voluntarily placed the Plaintiff in the care of the Department of Health and Welfare, which was the forerunner of today's Department of Human Services. At about the same time the natural mother gave the Department information identifying the probable natural father. Although the Plaintiff's natural mother was at that time married, she believed that her husband was not the child's natural father.

On May 17, 1946, the natural mother and her husband executed a surrender and release of the child, authorizing the Department to place the child for adoption. The Plaintiff was adopted by another couple on December 26, 1947 in Kennebec County.

Pursuant to 19 M.R.S.A. § 534 (Supp. 1984-1985),[1] the Plaintiff in 1984 inspected the records of the Kennebec County Probate Court and thus identified her natural mother.

Upon learning that her mother's husband was not her natural father and that the Kennebec County probate records con-

1. 19 M.R.S.A. § 534 (Supp. 1984–1985) provides:
  All probate court records relating to any adoption decreed on or after August 8, 1953 are declared to be confidential. The probate courts shall keep the records of such adoptions segregated from all other court records. Such adoption records may be examined only upon authorization by the judge of the probate court. In any case where it is considered proper that such examination be authorized, the judge may in lieu of such examination, or in addition thereto, grant authority to the register of probate to disclose any information contained in such records by letter, certificate or copy of the record.
  Any medical or genetic information in the court records relating to an adoption shall be made available to the adopted child upon reaching the age of 18, his descendants, adoptive parents or legal guardian on petition to the court.

tained no information regarding her natural father, the Plaintiff sought access to the Department's records. The Department responded:

> Your putative father was reported to be unmarried, one of several brothers and sisters, a large, husky man with dark hair who appeared to be physically well and "smart."

However, the Department indicated that it would not release to the Plaintiff the name of the putative father.

Subsequently the Plaintiff's attorney wrote to the Commissioner and, relying on "The Freedom of Access Law, 1 M.R.S.A. § 401 et seq.," he requested permission to inspect or copy its records concerning the identity of the Plaintiff's natural parents. The Commissioner denied the request.

Section 408 of that law provides that every person shall have the right to inspect and copy any public record, except as otherwise provided by statute. Section 402(3) ordains:

> 3. The term "public records" shall mean any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business, except:
>
> A. Records that have been designated confidential by statute;

> . . . .

In granting the Defendant's motion for summary judgment, the Superior Court ruled that the requested information came within the confidentiality provision of 22 M.R.S.A. § 4008:

> 1. All department records which contain personally identifying information and are created or obtained in connection with the department's child protective activities and activities related to a child while in the care or custody of the department are confidential and subject to release only under the conditions of subsections 2 and 3.[2] Within the department, the records shall be available only to and used by appropriate departmental personnel and legal counsel for the department in carrying out their functions.

On appeal here the Plaintiff contends that the Superior Court interpreted section 4008 too broadly, and that the section is only applicable to those Department records that came into existence in connection with the Department's child protective activities and activities related to such children as may be in the care or custody of the Department as a result of such child protective activities.

Before inquiring into the limits of section 4008, we observe at the outset that the Department's role in the Plaintiff's first two years of life did not constitute child protective activities; 22 M.R.S.A. § 4002(3) (Supp. 1984–1985), defines the term "child protection proceeding" as

> . . . a proceeding on a child protection petition under subchapter IV, a subsequent proceeding to review or modify a case disposition under section 4038, an appeal under section 4006, a proceeding on a termination petition under subchapter VI, or a proceeding on a medical treatment petition under subchapter VIII.

All of these provisions are directed toward abuse and neglect situations. In the case before us the record contains no evidence of abuse or neglect.

---

**2.** The Plaintiff concedes that subsections 2 and 3 are inapplicable.

■ However, a close reading of section 4008 discloses that its scope is not limited to the Department's child protective activities. Reading the language according to its natural import,[3] as we must, it becomes apparent that the confidentiality provision applies to two distinct sets of records: (1) those created or obtained in connection with the Department's child protective activities; and (2) those created or obtained in connection with activities related to any child while in the care or custody of the Department.

The legislative history of section 4008 supports the latter application. The predecessors to section 4008, section 3859 of chapter 511 and section 3859 of chapter 167, provided only that all records and reports concerning child abuse and neglect are confidential. The marked change in language evidenced in section 4008 makes clear that all Department records concerning the care and custody of children are confidential, regardless of whether they were obtained in connection with child protective activities.

■ In the instant case the Plaintiff's mother gave the requested information to the Department at about the same time that she voluntarily relinquished the care of the child to the Department. The precise date upon which the Plaintiff's mother executed the surrender and release is immaterial. Because the information the Plaintiff now requests was obtained in connection with Department activities related to the Plaintiff "while in the care or custody of the department," the Superior Court did not err in granting summary judgment for the Defendant.

The entry shall be:

Judgment affirmed.

All concurring.

---

**3.** *See Hurricane Island Outward Bound v. Town of Vinalhaven,* 372 A.2d 1043, 1046 (Me.1977). *See also* 1 M.R.S.A. § 71(2) (1979) ("The words 'and' and 'or' are convertible as the sense of a statute may require.").